529 So.2d 139 (1988)
STATE of Louisiana
v.
Brian MASSEY.
No. 88 K 0772.
Court of Appeal of Louisiana, Fourth Circuit.
July 12, 1988.
*140 Harry F. Connick, Dist. Atty., Clint Williamson, Asst. Dist. Atty., New Orleans, for State.
Jeffrey Smith, Orleans Indigent Defender Program, New Orleans, for defendant.
Before BARRY, CIACCIO and PLOTKIN, JJ.
PLOTKIN, Judge.
The defendant, Brian Massey, is charged with possession of cocaine. The trial court granted his motion to suppress the evidence on the grounds that there was insufficient evidence or suspicion to execute an investigatory stop authorized by C.Cr.P. Art. 215.1. Therefore, the subsequent abandonment by the defendant of the contraband, prior to arrest, constituted an illegal seizure. The state seeks a writ to reverse this judgment.
FACTS
On December 12, 1987, at approxiamtely 2:45 a.m., police officers were patrolling the St. Thomas Housing Project when they were flagged down by an unknown woman. She informed them that a 5'9", black male, with slim build, wearing a blue sport cost, tan pants and a white hat, was selling drugs in the 2000 block of Rousseau Street. The officers proceeded to that location and observed a person, who fit the description exactly, leaning into a car stopped in the middle of the street. When the officers drove up and exited from the police car, with the intention to stop the suspect, the man backed away from the stopped car and began walking away from the approaching officers. The officers followed the male and obseved him discard two tinfoil packets, which they retrieved. Opening the packets, they believed the contents to be cocaine; a conclusion later confirmed by laboratory analysis. The male was arrested and later idenitifed as the defendant Brian Massey.
LEGALITY OF THE SEIZURE
The United States and Louisiana Constitutions prohibit unreasonable *141 searches and seizures. U.S. Const.Amend. 4; La.1974 Const. Art. 1, Sec. 5. These provisions prohibit all warrantless searches, except in limited and exigent circumstances established by well-recognized exceptions. State v. Aguillard, 357 So.2d 535 (La.1978). The State has the burden of proving the admissibility of any evidence seized without a warrant. LSA-C.Cr.P. 703(D); State v. Bazile, 386 So.2d 349 (La. 1980); State v. Franklin, 353 So.2d 1315 (La.1978).
Authorization for a temporary stop without arrest by police of a person in a public place is set forth in C.Cr.P. Art. 215.1, which provides:
A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
B. When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
In order to stop a person temporarily to facilitate an investigation, the officer must have a reasonable suspicion that the suspect has committed, is committing, or is about to commit a crime. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Jones, 483 So.2d 1207 (La. App. 4th Cir.1986). writ den. 488 So.2d 197 (La.1986). "Reasonable suspicion" is something less than the probable cause requried for an arrest, and the reviewing court must look to the facts and circumstances of each case to determine whether the detaining officer had sufficient facts within his knowledge to justify an infringement of the suspect's rights. State v. Belton, 441 So.2d 1195 (La.1983), cert. den., Belton v. Louisiana, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984); State v. Jones, supra.
In this case, the officers obtained a precise, correct description from the informant of a man alleged to be selling cocaine in a high crime area. The defendant was observed leaning into a car stopped in the middle of the street, an act not illegal in itself, but consistent with the sale of drugs. The officers, based on these circumstances, intended to stop and question the defendant as authorized by C.Cr.P. Art. 215.1. When defendant saw the officers approaching, however, he proceeded to walk away from the approaching officers and discarded the contraband.
A person's liberty and privacy, his right to be free from governmental interference, is not violated simply because a police officer attempts to converse with him, as long as the person is free to disregard the questioning and walk away. U.S. v. Mendenhall, 446 U.S. 544, 100 S.Ct. 1870, 64 L.Ed.2d 497 (1980); State v. Lanter, 391 So.2d 1152 (La.1980); State v. Duplessis, 391 So.2d 1116 (La.1980). If property is abandoned without any prior unlawful intrusion into a person's right to be free from governmental interference, that property may be seized lawfully. In such cases there is no expectation of privacy and thus no violation of the person's custodial rights. Only when the person is actually stopped without, at least, "reasonable suspicion," or when a stop without reasonable suspicion is imminent, is the "right to be left alone" violated and the seizure of the abandoned property unlawful. State v. Belton, above. See also State v. Andrishok, 434 So.2d 389 (La.1983) and State v. Lambertus, 482 So.2d 812 (La.App. 4th Cir. 1986).
In this case the officers had reasonable suspicion of criminal activity to stop the defendant and question him. The informant accused defendant of illegally selling drugs and provided police with a specific, accurate description of defendant and his location. The officers were duty bound to investigate the complaint and were authorized to stop defendant and question him regarding the accusation. La.C.Cr.P. Art. 215.1; Terry v. Ohio, above; State v. Jones, above.
Defendant correctly perceived that a stop was imminent and abandoned his *142 cocaine. But the officers lawfully could stop defendant based upon their reasonable suspicion that he was selling drugs illegally. Defendant's abandonment of his cocaine was without prior unlawful intrusion; the officers' seizure of the abandoned cocaine, therefore, was lawful. State v. Belton, above; State v. Andrishok, above; State v. Lambertus, above.
The defendant argues that State v. Ruffin, 448 So.2d 1274 (La.1984) and State v. Chopin, 372 So.2d 1222 (La.1979) control. Ruffin was based upon lack of probable cause to arrest a defendant, not upon a lack of reasonable suspicion to stop and question. In the Chopin case, the officers did not receive any information concerning illegal activities. They observed that when the defendant, who was walking down the street carrying a bag, observed the officers, he became nervous, began walking faster and then ran from the officers, who stopped, questioned and arrested him. Ruffin and Chopin rely upon and apply the same legal principles cited, relied upon and applied in this opinion. The significantly distinguishable facts of those cases, however, make their results inapplicable to the case before us.
The district court erred by granting defendant's motion to suppress the cocaine. We, therefore, reverse that judgment and enter judgment denying the motion to suppress. The matter is remanded to the district court for further proceedings.