534 So.2d 529 (1988)
STATE of Louisiana
v.
Janice Faye JOHNSON.
No. 88-KA-280.
Court of Appeal of Louisiana, Fifth Circuit.
November 16, 1988.
*530 Donald T. Carmouche, Dist. Atty., Jude G. Gravois, Vacherie, for plaintiff/appellee.
Dale J. Petit, Indigent Defender, Hester, for defendant/appellant.
Before CHEHARDY, WICKER and GOTHARD, JJ.
GOTHARD, Judge.
We granted a writ to review the correctness of defendant's convictions of resisting an officer and of battery of a police officer. LSA-R.S. 14:108, 14:34.2. We find that lawful grounds existed for arrest and, thus, defendant was not entitled to use force to resist. Accordingly, we affirm the defendant's convictions.[1]

FACTS
We review the evidence most favorably in support of the prosecution, recognizing that it is the State's duty to prove every element of the crimes charged beyond a reasonable doubt. LSA-R.S. 15:271; Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979).
Detective Dwane Schexnayder and three other officers were preparing to execute a search warrant on one Calvin Jones, a suspected narcotics dealer, outside of the Melanie Lane Bar in St. James Parish on the evening of December 16, 1987 at about 7:35 p.m. There were several people standing about, and Schexnayder called for back-up assistance for crowd control. Deputies Kurt Roussel, David Mohon, and Kenneth Cureau responded. When they arrived there were approximately forty people milling about the area. Schexnayder asked Roussel to keep the crowd back so that he could proceed to execute the search warrant on Mr. Jones. The defendant began to yell obscenities. Deputy Roussel asked her several times to step back but instead she moved toward Schexnayder, yelling at him. Roussel again asked her to step back and to move on; initially she complied but she returned. Roussel asked her to leave the scene and she responded by yelling more obscenities and continuing towards Schexnayder. Roussel then attempted to arrest the defendant for resisting an officer. The defendant became combative and Roussel could not handcuff her. Schexnayder and Cureau went to assist Roussel. In the struggle that ensued, the defendant bit and kicked Roussel, bit Cureau and struck Schexnayder.
At trial, the defendant denied refusing Roussel's request to move on and also denied that she was approaching and swearing at Schexnayder. The defendant testified that she was sitting on a car watching the detectives. Roussel pushed her off the hood so she swore at him. She then spoke to her nephew and was told by an officer, who used profane language, to "shut up." An exchange of profanity occurred and she was arrested. The defendant admitted to biting Deputy Roussel on his arm.
Defendant contends her arrest was unlawful and that she could legally resist and *531 that the evidence was not legally sufficient to convict her of either the battery or the resisting charge. Defendant relies on cases holding that cursing directed at a police officer is constitutionally protected speech, not grounds for arrest, unless the words are "fighting words." State v. Woolverton, 474 So.2d 1003 (La.App. 5 Cir. 1985).
The State argues that a lawful arrest of the defendant occurred after she refused Roussel's request to move and continued to approach Schexnayder yelling obscenities in her efforts to interfere with Schexnayder's execution of the search warrant on Mr. Jones. The trial court found that the arrest of defendant was warranted due to her continued interference with Schexnayder's attempts to execute the search warrant, and therefore that defendant was guilty of battery of Roussel by her own admission. We agree.

RESISTING
Resisting an officer contains three elements: the intentional resistance, opposition, or obstruction of an officer authorized by law to make a lawful arrest, when the offender knows or should know the officer arresting is acting in his official capacity. LSA-R.S. 14:108. The phrase "obstruction of" is defined by the statute to include "[c]ongregation with others on a public street and refusal to move on when ordered by the officer." LSA-R.S. 14:108 B(1)(d).
Defendant admitted in her trial testimony that she knew the police officers were on official business. The defendant committed the "obstruction of" the police officers, who were executing a warrant on Mr. Jones by her continued attempts to interfere with Schexnayder while yelling profanities and her refusal to move on when requested to do so by Roussel. We find this evidence sufficient to justify the conviction of resisting an officer in violation of LSA-R.S. 14:108.

BATTERY
The principal element of battery is the intentional use of force upon another. LSA-R.S. 14:33. Battery of a police officer has three elements: the intentional use of force upon a police officer, without the consent of the officer, when the offender knows or should reasonably know that the victim is a police officer acting within the performance of his duty. LSA-R.S. 14:34.2.
In this case, after the defendant was informed that she was under arrest for resisting an officer, and while the arresting officer was attempting to handcuff her, she responded by kicking and biting. When Deputy Roussel, who was in uniform, informed the defendant that she was under arrest, she had reasonable grounds to believe that he was a police officer acting in the performance of his duty. Deputy Schexnayder and Deputy Cureau came to assist; although Detective Schexnayder was in plain clothes, the defendant had observed him and had attempted to interfere with his execution of a warrant, thus she knew he was a police officer. The defendant committed battery on Deputy Roussel by biting him and she committed battery on Detective Schexnayder by striking him in the chest.
The defendant in brief does not argue that she did not commit a battery. Instead it is her contention that she was resisting an unlawful arrest. However, as previously discussed, the defendant was committing the crime of resisting an officer, and accordingly her arrest was lawful. State v. Lamb, 458 So.2d 551 (La.App. Cir. 3 1984) writ denied 463 So.2d 1316 (La.1985).

ERROR PATENT
The grant of a writ of review places the matter in an appellate posture for review, which includes our examination of the record for patent error pursuant to L.S.A.-C.Cr.P. art. 920. A review of the record reflects two such errors. First, the trial court convicted the defendant of only one of the two counts of battery of a police officer with which she was charged without indication on which count she was convicted and on which count she was acquitted. The evidence adduced at trial supports a conviction for both counts; accordingly, *532 while error patent, we find that this error does not affect substantial rights of the accused and is therefore not reversible error. LSA-C.Cr.P. art. 921. See, State v. Batiste, 517 So.2d 371 (La.App. 5 Cir.1987). (Defendant charged with two counts of armed robbery but received only single sentence of 15 years, held not reversible error patent).
A second error patent is that the record fails to indicate that the trial court gave the defendant credit towards service of her sentence for time spent in actual custody, if any, prior to sentencing. LSA-C.Cr.P. art. 880 requires a court when imposing sentence, to give a defendant credit towards service of her sentence for time spent in actual custody prior to the imposition of sentence. Accordingly, we shall order that the commitment be amended to give the defendant credit for time served.
Accordingly, we affirm the defendant's convictions and sentence as amended. The case is remanded to the district court for the purpose of amending the commitment to reflect that the defendant is given credit for any time served, to the date of imposition of sentence.
AFFIRMED AND REMANDED WITH ORDER.
NOTES
[1] The defendant was sentenced to concurrent three month sentences on one of two counts of battery on a police officer and on the charge of resisting an officer.