FORET, Judge.
Defendant, Harry A. Nichols, was tried by jury and found guilty of possession of cocaine, a violation of La.R.S. 40:967 C. The trial court sentenced defendant to serve four years at hard labor and pay a $3,000 fine and defendant appeals, raising five assignments of error.
On the evening of November 18, 1988, the mobile home residence of Willie Ray “Tick” Edwards in San Augustine, Texas, was under surveillance by a drug task force comprised of Texas and Louisiana law enforcement officers. Edwards was suspected of dealing in cocaine from his residence. Shortly after 10:00 P.M., defendant, accompanied by Rayford D. Boatman, arrived at Edwards’ mobile home in defendant’s pickup truck. Defendant got out of the truck, entered the mobile home, and returned to the truck a few minutes later. Defendant and his companion then left in the truck and made a brief stop at a liquor store in San Augustine, Texas before beginning the trip back to Louisiana.
Investigator Ricky Allen, a Texas law enforcement official who was a member of the task force, radioed a description of the truck and a portion of the license plate number to Officers Robert Davidson and Charlie Frazier, members of the task force from the DeSoto Parish Sheriff’s Office. Davidson followed the truck to the city limits of San Augustine and Frazier then followed the truck out of town for a couple of miles.
Meanwhile, at the Texas-Louisiana line on Highway 6, law enforcement officers, who were part of the same drug task force, had been apprised of the approaching pickup truck. Awaiting the imminent arrival of defendant’s truck were Louisiana State Trooper James Napier, and Deputies Jack Staton, Lou Hicks, and Bobby Brumley, from the Sabine Parish Sheriff’s Office. When the defendant and Boatman passed in the truck, the aforesaid officers, riding in three separate vehicles, began their pursuit. Trooper Napier entered the left lane and pulled up even with the truck and Officer Staton turned on his police lights. At this point, the defendant, who was riding as passenger, began shaking a white substance out of the passenger window. After the defendant’s vehicle was stopped, Officer Brumley and Trooper Napier seized from the truck, as well as the surrounding area, a white crystal substance which was. later found to be cocaine.
On appeal, defendant assigns the following errors:
(1) The trial court erred in failing to grant defendant’s motion to suppress evidence.
(2) There was not sufficient evidence presented at trial to find the defendant guilty of possession of cocaine.
(3) The court failed to properly apply the sentencing guidelines set forth in La.C. Cr.P. art. 894.1.
(4) In imposing sentence, the trial court failed to state for the record its considerations and factual basis, as required by C.Cr.P. art. 894.1.
(5) The trial court erred in imposing a sentence which, under the circumstances, is excessive.
ASSIGNMENT OF ERROR NO. 1
In his first assignment of error, defendant argues that the State lacked probable cause to arrest him at the time his truck was stopped by the investigating officers. Defendant therefore contends that his consent to search, obtained at the scene and within minutes after he was stopped by the investigating officers, is invalid in that it was not sufficiently removed from the taint of the illegal arrest. Therefore, because the consent to search was invalid, defendant contends that any and all evidence seized pursuant thereto should have *1286 been suppressed by the trial court. We disagree. To begin with, the action taken by the investigating officers, in ordering the defendant and his companion to pull over to the side of the road, was in the nature of an investigatory stop which is permissible under C.Cr.P. art. 215.1 which provides as follows:
“A. A law enforcement officer may stop a person in a public place whom he reasonably suspects is committing, has committed, or is about to commit an offense and may demand of him his name, address, and an explanation of his actions.
B. When a law enforcement officer has stopped a person for questioning pursuant to this Article and reasonably suspects that he is in danger, he may frisk the outer clothing of such person for a dangerous weapon. If the law enforcement officer reasonably suspects the person possesses a dangerous weapon, he may search the person.
C. If the law enforcement officer finds a dangerous weapon, he may take and keep it until the completion of the questioning, at which time he shall either return it, if lawfully possessed, or arrest such person.”
It is clear that the facts within the investigating officers’ knowledge at the time the defendant was stopped were sufficient to give the officers reasonable suspicion that the defendant was committing an offense, i.e., possession of cocaine. They knew at that time that the defendant had been to the trailer of Willie Ray “Tick” Edwards, a reputed drug dealer, who had been under surveillance by the investigating officers for several weeks. In fact, Officer Davidson stated that he had been advised on previous occasions by people who were arrested on cocaine related charges that they had purchased cocaine from Edwards. Furthermore, on the evening in question, fifty-five vehicles had been to Edwards’ residence during a period of approximately three hours, with the vehicles normally staying approximately three to five minutes. Defendant and his companion remained at the trailer anywhere from five to ten minutes. Also, on this same evening, an unknown individual was observed on 'four occasions in the area of the Edwards trailer injecting himself with an unknown substance.
The above facts gave the investigating officers a reasonable suspicion that the defendant was involved in criminal activity, i.e., possession of cocaine. Accordingly, the officers had the right to force the defendant’s truck to the side of the road. This reasonable suspicion quickly ripened into probable cause to arrest when the defendant, upon noticing the police units, began shaking a white substance out of the passenger window of the truck — a substance that was later identified as cocaine. In other words, upon seeing the defendant’s attempt to discard the white substance, the officers had probable cause to arrest the defendant. It follows, then, that they also had the right to seize the substance (cocaine) located in and around the defendant’s vehicle and within the plain view of the investigating officers.
We should also point out that once the defendant threw the cocaine out of the window, he no longer retained a reasonable expectation of privacy with respect thereto. His actions in this regard constituted an abandonment of his interest in this property and, -at this point, the investigating officers were permitted to seize the abandoned substance without obtaining a search warrant. State v. Kyles, 513 So.2d 265 (1987), rehearing granted, certiorari denied, 486 U.S. 1027, 108 S.Ct. 2005, 100 L.Ed.2d 236, rehearing denied, 487 U.S. 1246, 109 S.Ct. 4, 101 L.Ed.2d 955 (1988). We should note that the key consideration in this regard is the fact that the initial investigatory stop was based on'reasonable suspicion and therefore legal. If the defendant had abandoned the cocaine while the investigating officers were attempting an illegal stop, a different result would follow. Property abandoned as a direct result of an unlawful intrusion into a person’s right to *1287 be free from governmental interference cannot be lawfully seized. State v. Massey, 529 So.2d 139 (La.App. 4 Cir.1988). However, this is not the situation in the instant case. Here, the defendant abandoned the property in question while the investigating officers were conducting a legal investigatory stop and accordingly, the abandoned property was lawfully seized by the arresting officers.
Defendant’s final argument in support of his first assignment of error pertains to the film canisters into which the seized cocaine was placed. Deputy Brum-ley testified that cocaine was found on one of the windows, a mirror, and on the outside of the truck underneath the passenger door. All cocaine seized from the truck was placed into a film canister with a black top. Deputy Brumley further testified that cocaine was also found on the ground immediately behind the truck. The cocaine seized from the ground was placed in a film canister with a grey top. Defendant argues that the cocaine seized from the inside' of the truck should not have been placed in the same canister as the cocaine which was taken from the exterior portions of the truck. Defendant further argues that the cocaine seized from the inside of the truck and the cocaine seized from the exterior portions of the truck should have been separately analyzed. The report of the Northwest Criminalistics Laboratory states that the white solid material in each of the film canisters was found to be cocaine. The report notes that grass and one stone were found in one of the canisters (presumably the one with the grey top), but these items were not analyzed. Considering this, we find nothing in the procedure used by the investigating officers in obtaining and analyzing the substances in question which would support a finding that the seized evidence should have been suppressed by the trial court. We therefore find defendant’s arguments in this regard to be without merit.
ASSIGNMENT OF ERROR NO. 2
Defendant did not brief his second assignment of error and it will therefore be considered as abandoned.
ASSIGNMENTS OF ERROR NOS. 3 and 4
In his third and fourth assignments of error, defendant contends that the trial court failed to properly apply the sentencing guidelines set forth in C.Cr.P. art. 894.-1. Defendant also states that the trial court failed to state for the record the considerations taken into account and the factual basis for imposing sentence. We disagree. The trial court assigned written reasons for sentence which are thorough and well-reasoned. In these reasons, the trial court discusses virtually every one of the factors enumerated under C.Cr.P. art. 894.1 and states his opinion as to whether or not these factors were found to exist. Accordingly, we find defendant’s third and fourth assignments of error to be without merit.
ASSIGNMENT OF ERROR NO. 5
Lastly, defendant contends that the trial court imposed a sentence which is excessive. As noted earlier, defendant was sentenced to four years at hard labor, together with a fine of $3,000. We have reviewed the record and find that the sentence imposed by the trial court is not excessive.
In view of the above and foregoing, defendant’s conviction and sentence are affirmed.
AFFIRMED.