634 So.2d 962 (1994)
STATE of Louisiana, Appellee,
v.
Richard T. DANIELS, Appellant.
No. 25833-KA.
Court of Appeal of Louisiana, Second Circuit.
March 30, 1994.
*963 Teat & Avery by Darrell R. Avery, Jonesboro, for appellant.
Richard Ieyoub, Jr., Atty. Gen., Baton Rouge, Walter E. May, Jr., Dist. Atty., James R. Hatch, Asst. Dist. Atty., Homer, for appellee.
Before LINDSAY, HIGHTOWER and WILLIAMS, JJ.
HIGHTOWER, Judge.
Defendant, Richard T. Daniels, pled guilty to possession of cocaine with intent to distribute, LSA-R.S. 40:967(A)(1), while reserving, for appeal, trial court rulings at the preliminary examination and on a motion to suppress evidence. After examining his two assignments of error, we affirm.

FACTS
On January 13, 1993, the Homer Police Department dispatcher received a report from an anonymous person relating that Daniels could be found, in his Cadillac, selling cocaine near the Claiborne Place Apartments. Responding to the call, Officer Russell Mills drove to the parking lot of the housing complex. There, he observed defendant, previously known to the patrolman, standing at the rear of the described vehicle with the trunk open in the presence of an unrecognized male. Upon seeing the marked police unit, Daniels immediately closed his luggage compartment, hurriedly entered the vehicle, and started to leave while the unidentified person walked briskly away.
The officer, noticing three passengers in the car, called for backup and followed the automobile for a short time. When the Cadillac turned into a Pizza Hut parking lot, Mills activated his emergency lights. After apprising defendant of the report, the policeman asked permission to examine the trunk of Daniels's vehicle. Immediately before an affirmative response, Police Chief Randy Pugh arrived on the scene.
When the search began, the three other occupants, disregarding a request to remain seated, exited the vehicle as several other persons gathered nearby. During subsequent events, Daniels refused a request to remove his right hand from his front pants pocket. Instead, disdaining an order to stop, he began walking in the direction of the pizza parlor. Aware that the suspect possessed a pistol only a few days earlier and could thus be concealing a weapon, Officer Mills attempted to extract the hand from the pocket. Defendant, however, resisted these efforts by jerking his arm away and continuing toward the restaurant, despite the officers' counter commands. The two policemen then physically subdued the subject. Their examination of his pocket revealed a brown pill bottle containing several irregular shaped chips, then suspected and later confirmed to be crack cocaine.
Charged with resisting an officer, LSA-R.S. 14:108, and possession of cocaine with intent to distribute, LSA-R.S. 40:967(A)(1), defendant requested a preliminary hearing. After finding a prima facie case, the trial judge similarly denied a motion to suppress evidence. Subsequently, Daniels pled guilty to the controlled dangerous substance violation, while reserving his challenge to the rulings on the preliminary examination and requested suppression. See State v. Crosby, 338 So.2d 584 (La.1976). Upon receiving a probated five-year sentence, he instituted this appeal.[1]

DISCUSSION

Preliminary Hearing
Defendant's first assignment of error asserts that, at the preliminary examination, the trial court erred in finding probable cause to charge him with the offense. However, even if that position proved tenable, the issue is now moot.
Disregarding that our review reveals an adequate prima facie showing by the state, no preliminary examination shall be held invalid because of an error that does not substantially prejudice the defendant. LSA-C.Cr.P. *964 Art. 298. At that early stage of a case, an evidentiary shortfall entitles a defendant only to release from custody or bail and does not prevent the state from proceeding against him. LSA-C.Cr.P. Art. 296; State v. Sanders, 539 So.2d 114 (La.App.2d Cir.1989), writ denied, 546 So.2d 1212 (La.1989); State v. Mayberry, 457 So.2d 880 (La.App.3d Cir. 1984), writ denied, 462 So.2d 191 (La.1984). Thus, absent a demonstration of prejudice (and none is shown here), any issue concerning probable cause is moot after conviction. State v. Washington, 363 So.2d 509 (La. 1978); State v. Sanders, supra; State v. Wright, 564 So.2d 1269 (La.App.4th Cir. 1989).
Nor does the Crosby aspect recast the proposition. A conditioned plea may be utilized only to secure review of such fundamental errors as would mandate reversal after trial on the merits. State v. Crosby, supra, at 592. Hence, defendant may not now complain about a probable cause ruling that transpired at his preliminary hearing.

Search and Seizure
By his other assignment, Daniels challenges the district court's denial of the motion to suppress the crack cocaine seized from his pocket. Defendant first contends that the anonymous tip did not justify his initial stop and detention. Yet the right of police to stop and interrogate upon reasonable suspicion of criminal conduct is recognized by LSA-C.Cr.P. Art. 215.1, as well as both federal and state jurisprudence. See Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Pautard, 485 So.2d 909 (La.1986); State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984).
Reasonable suspicion can arise from information less reliable than that required for probable cause. Alabama v. White, 496 U.S. 325, 110 S.Ct. 2412, 110 L.Ed.2d 301 (1990). Both the quantity and quality of the police's information, the "totality of the circumstances," determine whether reasonable suspicion exists. Id.; State v. Belton, supra. More pertinently, an anonymous tip corroborated by further police investigation can furnish reasonable suspicion for an investigative stop. Alabama v. White, supra; State v. Bolden, 380 So.2d 40 (La. 1980), cert. denied, 449 U.S. 856, 101 S.Ct. 153, 66 L.Ed.2d 70 (1981). Cf. State v. Jernigan, 377 So.2d 1222 (La.1979), cert. denied, 446 U.S. 958, 100 S.Ct. 2930, 64 L.Ed.2d 816 (1980); State v. Myers, 490 So.2d 700 (La. App.2d Cir.1986), writ denied, 493 So.2d 1221 (La.1986).
Officer Mills responded to a telephone call specifically identifying defendant by name, location, type of vehicle, and the crime allegedly being committed. Although an anonymous call may not, without more, justify an investigatory detention, our supreme court has observed that the citizen informer is presumptively an inherently credible source. See State v. Morris, 444 So.2d 1200, 1203 (La.1984). Faced with such a complaint, police are duty bound to investigate. Cf. State v. Massey, 529 So.2d 139 (La.App.4th Cir.1988).
In investigating the report in the instant case, the officer discovered defendant in the parking lot of the mentioned apartment complex and positioned adjacent to the automobile described by the informer. Upon seeing the marked police car, Daniels immediately closed the trunk of the Cadillac, quickly ended affairs with his companion, and departed. Mills, who endeavored to make his pass through the area look like a routine patrol, considered the two individuals' behavior irregular. While flight, nervousness, or a startled look at the sight of a police officer, by itself, may be insufficient to justify an investigatory stop, such highly suspicious conduct may be one factor leading to a finding of reasonable cause or reasonable suspicion. State v. Belton, supra; State v. Jackson, 629 So.2d 1374 (La.App.2d Cir.1993).
Here, the peculiar reactions to the police vehicle transpired during the officer's prompt response to a report regarding illegal activities by the defendant. These circumstances, viewed in their entirety, justified an investigatory stop based on reasonable suspicion that Daniels had committed, was committing, or was about to commit a crime. See, e.g., State v. Bridges, 610 So.2d 827 (La.App.4th Cir.1992); State v. Massey, supra. Hence, *965 Officer Mills engaged in permissible investigatory activity when he followed petitioner to the Pizza Hut, stopped and questioned him, and sought consent to search the trunk of the Cadillac.
Daniels also complains about the discovery of the crack cocaine within his pocket. Once a lawful detention occurs, however, a police officer may frisk the subject for weapons under circumstances where he reasonably suspects that his safety, or that of others, is in danger. Terry v. Ohio, supra; State v. Bolden, supra; State v. Jernigan, supra. Additionally, if a weapon is found during this limited search, it may be lawfully seized. Terry v. Ohio, supra; LSA-C.Cr.P. Art. 215.1(B)(C).
In the instant case, when Officer Mills initiated the consensual search of the trunk, Daniels placed his right hand in his pocket, backed away, and refused to comply with requests to remove the extremity and stay in place. The patrolman knew that defendant previously possessed dangerous weapons, and that uncertain reactions could ensue from the uncooperative passengers and bystanders. Under such threatening circumstances, the officers clearly had a right to frisk the detainee, to remove his hand from concealment, and to take any dangerous weapons discovered on his person.
In response to the patrolman's efforts in that regard, however, defendant snatched his arm away from the officer and tried to move toward the Pizza Hut. Opposition or resistance to a law enforcement official's efforts to conduct a lawful search and seizure is unjustified, and gives grounds to arrest for resisting an officer under LSA-R.S. 14:108. State v. Johnson, 534 So.2d 529 (La.App. 5th Cir.1988).
Defendant's belligerent actions in pulling away from the patrolman constituted a preclusion of the attempted lawful frisk. This interference with the "search and seizure of property," i.e., the second aspect of a Terry stop, goes well beyond the mere failure to cooperate with the "investigation" or detention phase, which the court deemed not to violate LSA-R.S. 14:108 in State v. Nix, 406 So.2d 1355 (La.1981). See also State v. Jenkins, 454 So.2d 282 (La.App. 4th Cir.1984), remanded on other grounds, 458 So.2d 109 (La.1984), finding a resisting violation where an individual ran from the issuance of a traffic citation, notwithstanding that the apprehension did not equate to an arrest. The effort to frisk Daniels, and seize any dangerous weapon, obviously required a brief forbearance from the detainee. Consequently, Mills and Pugh rightfully arrested defendant when they subdued him and prevented his further non-compliance with their instructions.
Once the policemen physically restrained Daniels, they effected an arrest and the subsequent search transpired incident to that lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Williams, 567 So.2d 755 (La.App.2d Cir.1990), writ denied, 573 So.2d 1133 (La. 1991). Thus, having discovered the contents of the pill bottle pursuant to the search of defendant's person and recognizing the irregularly shaped chips as possible crack cocaine, the officers justifiably seized the items in question. See State v. Haynes, 514 So.2d 1206 (La.App.2d Cir.1987), and authorities therein.
Accordingly, the trial court correctly denied defendant's motion to suppress.

CONCLUSION
For the foregoing reasons, the conviction and sentence are affirmed.
AFFIRMED.
NOTES
[1] In a separate proceeding, defendant pled guilty to the resisting charge and received a probated six-month jail term. Apparently, Daniels has not challenged the arrest or subsequent proceedings on that charge. In any event, the present appeal is directed only at the felony.