706 So.2d 536 (1997)
STATE of Louisiana
v.
Cleveland GREEN.
No. 97-KA-702.
Court of Appeal of Louisiana, Fifth Circuit.
December 30, 1997.
*537 Mark A. Marino, Destrehan, for Appellant Cleveland Green.
Harry Morel, Jr., District Attorney, Parish of St. Charles, Hahnville, for Appellee State.
Before BOWES, WICKER and CANNELLA, JJ.
CANNELLA, Judge.
Defendant, Cleveland Green, appeals, under State v. Crosby, 338 So.2d 584 (La.1976), from the denial of his motion to suppress and subsequent guilty plea conviction for possession of cocaine and sentence to 5 years incarceration at hard labor. For the reasons which follow, we reverse the ruling on the motion to suppress, set aside the conviction and sentence and remand the case for further proceedings.
Because defendant pled guilty, the facts pertinent to our inquiry here were derived from the preliminary examination and the motion to suppress hearing. At the hearing, Deputy Barry Ward was the sole witness to testify. He stated that he was employed by the St. Charles Parish Sheriff's Office on August 9, 1996, and that at approximately 5:49 a.m. he was pursuing an automobile for a traffic violation. After the vehicle stopped, the driver immediately fled on foot. Deputy Ward could see a passenger in the vehicle. He went around to the passenger side of the car with his weapon drawn and shouted at the passenger to get out of the vehicle. The passenger looked back at him and mumbled something. He again told the passenger to get out of the vehicle and the passenger again mumbled something, but did not get out. At that point Deputy Ward holstered his weapon, opened the car door, pulled the passenger from the vehicle, to his knees on the ground, and placed him under arrest. Pursuant to that arrest, Deputy Ward patted defendant down and found a pipe "commonly known as a crack pipe" in his pants pocket. According to the laboratory report, the residue in the pipe tested positive for the presence of cocaine.
Defendant was charged with possession of cocaine in violation of La.R.S. 40:967. Next, defendant filed a motion to suppress the evidence. A hearing on the motion to suppress was held on April 30, 1997 and the motion was denied without reasons. Then, defendant under State v. Crosby, supra, withdrew his plea of not guilty and pled guilty, as charged, reserving his right to appeal the ruling on the suppression issue. The trial court sentenced defendant to five years incarceration at hard labor, with credit for time served. Defendant appealed.
Defendant argues on appeal that the trial court erred in denying his motion to suppress because the search of his person, which resulted in the discovery of the pipe with the cocaine residue, was the result of an illegal arrest. Therefore, any evidence seized pursuant to an illegal arrest must be suppressed. The state has not filed an opposition brief.
The Fourth Amendment of the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543. A search conducted without a warrant issued upon probable cause is per se unreasonable, unless justified by a specific exception to the warrant requirement. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); State v. Moreno, 619 So.2d 62 (La.1993); State v. Lassere, 95-1009, p. 8 (La.App. 5th Cir. 10/1/96), 683 So.2d 812, 817, writ denied, 95-2655 (La. 4/18/97), 692 So.2d 445. When the constitutionality of a warrantless search is at issue on a motion to suppress, the state bears the burden of affirmatively showing that the search was justified under one of the exceptions to the warrant requirement. State v. Diaz-Rubio, 615 So.2d 1124, 1127 (La.App. 5th Cir.1993), writ denied, 93-1010 (La. 9/30/94), 642 So.2d 866. One such exception is a search incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969). An arrest is *538 lawful when it is based on probable cause. State v. Raheem, 464 So.2d 293, 296 (La. 1985). Conversely, an arrest without probable cause is illegal and the seizure of evidence pursuant thereto is also illegal. State v. Simmons, 95-309, p. 6 (La.App. 5th Cir. 10/18/95), 663 So.2d 790, 794.
Probable cause to arrest exists when the facts and circumstances within an officer's knowledge, and of which he has reasonable, trustworthy information, are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. State v. Scales, 93-2003, p. 6 (La. 5/22/95), 655 So.2d 1326, 1331, cert. denied, ___ U.S. ___, 116 S.Ct. 716, 133 L.Ed.2d 670 (1996). An officer may make a warrantless arrest when the officer has probable cause to believe that the person to be arrested has committed an offense. State v. Moreno, supra; La.C.Cr.P. art. 213.
Defendant was arrested for resisting an officer, which is defined in La.R.S. 14:108 as follows:
A. Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.

* * * * * *
Louisiana courts have consistently construed this statute to prohibit conduct that obstructs an officer acting in his official capacity while attempting to seize property, serve process or make a lawful arrest. See State v. Nix, 406 So.2d 1355 (La.1981) and State v. Flanagan, 29,316, p. 4 (La.App. 2nd Cir. 4/2/97), 691 So.2d 866, 869. In State v. Lindsay, 388 So.2d 781 at 783 (La.1980), our Supreme Court reaffirmed this interpretation as follows:
In State v. Huguet, 369 So.2d 1331 (La. 1979), we rejected the contention that interference with an officer's investigation is a violation of R.S. 14:108, resisting an officer. See also State v. Grogan, 373 So.2d 1300 (La.1979). We interpreted R.S. 14:108 as prohibiting conduct which obstructs officers `acting in their official capacity, while attempting to seize property, serve process or arrest ...' If the officer is not engaged in attempting one of those three things, then a defendant who opposes him cannot be considered guilty of resisting an officer.
In Lindsay, officers investigated a domestic disturbance at defendant's residence. Defendant appeared to be intoxicated and ordered the officers to leave his property. Noticing that one of the officers was standing on the bumper of defendant's truck, defendant rushed toward the officer. Defendant was arrested for disturbing the peace and resisting an officer. He was acquitted for disturbing the peace, but convicted for resisting an officer. Lindsay, at 782. The Louisiana Supreme Court held that defendant's arrest for resisting an officer was unlawful. The Court reasoned that, although defendant may have interfered with the officer's investigation, defendant's behavior was not grounds for an arrest for a violation of resisting an officer. Lindsay, at 784.
Likewise, under facts similar to those in the present case, the Third Circuit in State v. Brister, 514 So.2d 205 (La.App. 3rd Cir. 1987), relied on State v. Lindsay and reversed defendant's conviction for resisting arrest. In Brister, officers observed a vehicle stopped on the highway at 1:45 a.m. The defendant was in the driver's seat, slumped against the door. Over his speaker system, the officer ordered defendant to get out of the car. After the officer's seventh or eighth request to exit the car, defendant turned to see who was behind him. The officer then approached the car and again asked defendant to step out of the car. The defendant used vulgar language, made a motion with his left hand and began reaching between the seats. Fearing that defendant was searching for a weapon, the officer sprayed defendant with mace and pulled him from the car. The officer then placed defendant under arrest for driving while intoxicated and resisting an officer. Defendant was convicted on both charges.
*539 On appeal, defendant argued that he was not resisting an officer simply by refusing to exit the car. The appellate court agreed, and reversed his conviction for resisting arrest.[1] Relying on State v. Lindsay, supra, the court stated that the "[f]ailure to obey an officer's order while he is merely investigating a scene is not resisting an officer." Brister, at 208.
Like the defendants in Lindsay and Brister, defendant herein interfered with an officer's investigation. Importantly, the record reflects that the officer was not engaged in attempting to seize property, serve process or make an arrest at the time that defendant refused to step out of the car. When an officer is not engaged in attempting one of these three activities, then a defendant who opposes the officer is not resisting an officer within the meaning of La.R.S. 14:108. State v. Lindsay, supra. Thus, defendant's arrest for that crime under the circumstances herein was unlawful.
Having determined that defendant's arrest was unlawful, it is a fortiori that any physical evidence obtained as a direct result of the unlawful arrest must be suppressed. We, therefore, conclude that the trial court erred in denying defendant's motion to suppress the evidence seized pursuant to the unlawful arrest.
Accordingly, the trial court ruling denying defendant's motion to suppress is reversed and the motion is granted, the conviction and sentence are vacated and set aside and the case is remanded to the trial court for further proceedings.
RULING ON THE MOTION TO SUPPRESS REVERSED; CONVICTION AND SENTENCE SET ASIDE; AND CASE REMANDED.
NOTES
[1] Defendant's conviction for driving while intoxicated was also reversed. However, the court's reasoning for reversing that conviction has no bearing on the present case and will not be discussed.