11 GRISBAUM, Judge.
This is a Crosby appeal pursuant to a bill of information charging the defendant, Bobbie London, Sr., with possession of cocaine, La. R.S. 40:967. We affirm in part and remand.

ASSIGNMENT OF ERROR

The only assignment of error presented is whether the trial court erred in not granting the defendant’s motion to suppress.

FACTS AND PROCEDURAL HISTORY

On January 12, 1997, Corporal Mike Folse of the St. Charles Parish Sheriff’s Office was investigating a complaint unrelated to the incident in question when he observed the defendant leaving the Quick and Fast Food Store. Corporal Folse testified at trial that he knew the defendant to be a man who was ^frequently wanted for criminal activity. Specifically, Corporal Folse told the court that he was aware that there was an outstanding attachment for arrest on the defendant. Moreover, during an encounter with the defendant a month prior to this arrest, the defendant was informed by the officer that there were attachments out for him and that he needed to “take care of his business[.]” The defendant was further warned if he still had an outstanding attachment, the next time he was seen by the officer, he would be placed under arrest.
Therefore, when Corporal Folse observed the defendant walking down the street on January 12, 1997, the officer approached defendant, verified his birth date, and ran his name in the computer. Upon finding an outstanding attachment, Corporal Folse placed the defendant under arrest. Once defendant was under arrest, the officer searched the defendant and found the defendant to be in possession of cocaine.
On January 29, 1997, the St. Charles Parish District Attorney filed a bill of information charging the defendant with possession of cocaine, La. R.S. 40:967. The defendant was arraigned and pled not guilty. At a preliminary examination hearing held on April 9, 1997, the trial court found probable cause to hold the defendant as charged. A plea agreement was offered and refused at this time. The defendant then filed a motion to suppress evidence and a hearing was held on October 22, 1997 whereupon the court took the matter under advisement. On November 5, 1997, the trial court denied the defendant’s motion.
On February 9, 1998, the defendant withdrew his former plea of not guilty and tendered a plea of guilty as charged; however, he reserved his right to appeal the denial of his motion to suppress under State v. Crosby, 338 So.2d 584 (La.1976). After addressing the defendant in open court in accordance with La.Code Crim. P. art. 556.1 and a Boy-kin colloquy, the trial judge accepted the guilty plea and imposed a sentence of five years. See Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). However, the sentence was suspended and defendant was placed on active probation for two years with special probation conditions. The defendant filed a timely motion for appeal on February 13, 1998, which was granted.

LAW AND ANALYSIS

The defendant argues that the State has not met its burden of proving the admissibility of the evidence, in accordance with La. Code Crim. P. art. 703(D), since the cocaine was obtained without a warrant.
A search conducted without a warrant issued upon probable cause is, per se, unreasonable, unless justified by a specific exception to the warrant requirement. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); State v. Moreno, 619 So.2d 62 (La.1993); State v. Lassere, 95-1009 (La.App. 5th Cir. 10/1/96), 683 So.2d 812, writ denied, 96-2655 (La.4/18/97), 692 So.2d 445.
When the constitutionality of a warrantless search is at issue on a motion to suppress, the State bears the burden of affirmatively showing that the search was justified under one of the exceptions to the warrant requirement. State v. Diaz-Rubio, 615 So.2d 1124 (La.App. 5th Cir.1993), writ denied, 93-1010 (La.9/30/94), 642 So.2d 866. One such exception is a search incident to a lawful arrest. Chimel v. California, 395 U.S. *1238 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Green, 97-702 (La.App. 5th Cir. 12/30/97), 706 So.2d 536. An arrest is lawful when it is based on probable cause. State v. Raheem, 464 So.2d 293 (La.1985). Conversely, an arrest without probable cause is illegal and the seizure of evidence pursuant thereto is also illegal. State v. Simmons, 95-309 (La.App. 5th Cir. 10/18/95), 663 So.2d 790. Here, the search was conducted after the defendant was arrested. Therefore, the threshold issue is whether there was probable cause to stop the defendant to effectuate a lawful arrest.
^Probable cause to arrest exists when the facts and circumstances within an officer’s knowledge, and of which he has reasonable, trustworthy information, are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. State v. Scales, 93-2003 (La.5/22/95), 655 So.2d 1326, cert. denied, 516 U.S. 1050, 116 S.Ct. 716, 133 L.Ed.2d 670 (1996). An officer may make a warrantees arrest when the officer has probable cause to believe that the person to be arrested has committed an offense. State v. Green, supra; La.Code Crim. P. art. 213.
The defendant contends that Corporal Folse did not have reasonable cause to stop him prior to the arrest. However, it is well settled in Louisiana and federal jurisprudence that law enforcement officers have the right to stop and interrogate one reasonably suspected of criminal activity. La.Code Crim. P. art. 215.1; Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968); State v. Barnes, 592 So.2d 1352 (La.App. 5th Cir.1991). Furthermore, reasonable cause for an investigatory stop is something less than probable cause and must be determined under the facts of each case by whether the officer had sufficient knowledge of facts .and circumstances to justify an infringement on the individual’s right to be free from governmental interference. State v. Barnes, supra.
We have held that the specific and articulable facts to which a law enforcement officer must be able to point in justifying an investigatory stop are to be evaluated in light of all circumstances surrounding the particular incident. State v. Davis, 547 So.2d 1367 (La.App. 5th Cir.1989), writ denied 556 So.2d 53 (La.1990). Our inquiry into the existence of reasonable suspicion should entail practical consideration of the cumulative effect of all facts articulated by the officer, further taking into account the probative value of such facts to the trained | slaw enforcement official observing them. State v. Short, 95-742 (La.App. 5th Cir. 1/30/96), 668 So.2d 1240, following State v. Davis, supra.
Under the facts and circumstances of record, we find that Corporal Folse had reasonable cause to stop the defendant based upon his knowledge that, as of the previous week, the defendant had an outstanding attachment, and one month prior to that, the defendant was warned by this officer to settle this matter. Once the defendant was stopped, Corporal Folse ran the defendant’s name in the computer and found an outstanding warrant for his arrest. This warrant triggered probable cause to lawfully arrest the defendant. Since the arrest was lawful, a search incident thereto is an exception to the warrant requirement, State v. Green, supra. Ergo, the search was lawful.

ERROR PATENT REVIEW

The record shows that the defendant was not advised of the three-year time limit for filing an application for post conviction relief as required by La.Code Crim. P. art. 930.8. Ergo, we remand the matter to the district court and order it to send appropriate written notice to the defendant within ten days of the rendition of this Court’s opinion. See State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289.
For the reasons assigned, the defendant’s conviction and sentence are hereby affirmed. Furthermore, we remand the matter, as per the instructions contained herein.

CONVICTION AND SENTENCE AFFIRMED AND REMANDED WITH INSTRUCTIONS.