bEDWARDS, Judge.
DefendanVappellant Ramos J. Washington[1] appeals the trial court’s denial of his Motion to Suppress the evidence. As the evidence at issue was obtained in the course of performing a search pursuant to a lawful arrest, this assignment of error is without merit and the ruling of the trial court is hereby affirmed.
On October 1, 1996, the Jefferson Parish District Attorney filed a bill of information charging defendant Ramos J. Washington *589 with possession of cocaine in violation of LSA-R.S. 40:967(C).[2] At the February 3, 1998 arraignment, defendant pled not guilty. Defendant filed a motion to suppress, which was denied after a hearing held on March 10, 1998. On the next day, the defendant withdrew his former plea of not guilty and pled guilty as charged, reserving his right to appeal the denial of his suppression motion pursuant to State v. Crosby, 338 So.2d 584 (La.1976). After a Boykin colloquy with defendant, the trial judge accepted defendant’s guilty plea and then imposed a sentence of three (3) years at hard labor, with credit for time served. The trial judge then suspended the sentence and placed defendant on three (3) years active probation, with special conditions. Defendant filed a timely motion for appeal on March 12, 1998, which the trial judge granted on March 16,1998.
On September 4, 1996, Jefferson Parish Sheriffs Office Deputies Norris, Brocato, Imbornone, Gaudet and Ramon were patrolling the high crime and high drug related areas of Monticello and Chesterfield streets. The officers attempted to detain Morial Dunn for suspected drug transactions, at which point he fled the officers and was finally detained in front of 1805 Hamilton Street. Mr. Dunn was charged with resisting arrest and possession of drugs.
While detaining Mr. Dunn, the officers noticed three men sitting in front of 1805 Hamilton Street, one of whom was armed with a weapon which he attempted to conceal. Officer Imbornone detained and arrested the man with the weapon, one Raymond Washington. Officers Brocato, Ramon and Gaudet ordered the two other men in front of the house to stop and remain where they were. The two men, Joseph Ernest and defendant Ramos Washington, disobeyed the officers’ order and swiftly walked towards the entry of 1805 Hamilton Street. Joseph Ernest swallowed small white substances while walking towards the entry to the house and was detained. These actions, along with the fact that Raymond Washington was armed with a deadly weapon and in possession of drugs, led the officers to enter 1805 Hamilton Street and detain appellant Ramos Washington.
Officers Norris and Brocato detained the defendant just inside the doorway of the residence, within arms reach of two weapons on the sofa. Mr. Washington kwas arrested for resisting an officer and upon search incident to arrest, a bag containing crack cocaine was found on his person. This is the evidence that the defendant desired to have suppressed at trial, claiming that he was subjected to an illegal search by the officers in question.
The defendant contends that the trial judge improperly denied his motion to suppress cocaine seized from his person during a search incident to arrest. The defendant argues that he was illegally arrested because the police lacked probable cause to arrest him, and thus, the search incident to arrest was unlawful. The state responds that the evidence was obtained as a result of a search incident to defendant’s lawful arrest for resisting an officer, LSA-R.S. 14:108.
The Fourth Amendment of the United States Constitution and Article I § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543 (1984). A search conducted without a warrant issued upon probable cause is per se unreasonable, unless justified by a specific exception to the warrant requirement. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); State v. Moreno, 619 So.2d 62 (La.1993); State v. Lassere, 95-1009, p. 8 (La.App. 5 th Cir. 10/1/96), 683 So.2d 812, 817, writ denied, 96-2655 (La.4/18/97), 692 So.2d 445. When the constitutionality of a warrantless search is at issue on a motion to suppress, the state bears the burden of affirmatively showing that the search was justified under one of the exceptions to the warrant requirement. State v. Diaz-Rubio, 615 So.2d 1124, 1127 (La.App. 5th Cir.1993), writ denied, 93-1010 (La.9/30/94), 642 So.2d 866. One such exception is a search incident to a lawful arrest. *590 Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Green, 97-702 (La.App. 5th Cir. 12/30/97), 706 So.2d 536. An arrest is lawful when it is based on probable cause. State v. Raheem, 464 So.2d 293, 296 (La.1985). Conversely, an arrest without probable cause is illegal and the seizure of evidence pursuant thereto is also illegal. State v. Simmons, 95-309, p. 6 (La. App. 5 th Cir. 10/18/95), 663 So.2d 790, 794.
Probable cause to arrest exists when the facts and circumstances within an officer’s knowledge, and of which he has reasonable, trustworthy information, are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. State v. Scales, 93-2003, p. 6 (La. 5/22/95), 655 So.2d 1326, 1331, cert. denied, 516 U.S. 1050, 116 S.Ct. 716, 133 L.Ed.2d 670 (1996). An officer may make a warrantless arrest when the officer has probable cause to believe that the person to be arrested has committed an offense. State v. Green, supra; LSA-C.Cr.P. art. 213.
The defendant was arrested for resisting an officer, which is defined in LSA-R.S. 14:108 as follows:
§ 108. Resisting an officer
A. Resisting an officer is the intentional interference with, opposition or resistance to, or obstruction of an individual acting in his official capacity and authorized by law to make a lawful arrest or seizure of property or to serve any lawful process or court order when the offender knows or has reason to know that the person arresting, seizing property, or serving process is acting in his official capacity.
B. (1) The phrase “obstruction of’ as used herein shall, in addition to its common meaning, signification, and connotation mean the following:
(a) Flight by one sought to be arrested before the arresting officer can restrain him and after notice is given that he is under arrest.
(b) Any violence toward or any resistance or opposition to the ^arresting officer after the arrested party is actually placed under arrest and before he is incarcerated in jail.
(c) Refusal by the arrested party to give his name and make his identity known to the arresting officer.
(d) Congregation with others on a public street and refusal to move on when ordered by the officer.
Louisiana courts have consistently construed this statute to prohibit conduct that obstructs or interferes with an officer acting in his official capacity while he is attempting to seize property, serve process or to make a lawful arrest. State v. Nix, 406 So.2d 1355 (La.1981); State v. Green, 97-702, p. 5 (La.App. 5th Cir. 12/30/97), 706 So.2d 536; State v. Flanagan, 29,316 p. 4 (La.App. 2 nd Cir. 4/2/97), 691 So.2d 866, 869. Unless the 'officer is engaged in one of the three activities, interference with an officer’s investigation is not a violation of LSA-R.S. 14:108. State v. Lindsay, 388 So.2d 781, 781 (La.1980); State v. Huguet, 369 So.2d 1331, 1335 (La.1979); State v. Green, supra, at 539.
The defendant’s argument is based on the conclusion that his actions did not effect the arrest or seizure of property from the other suspects. This conclusion is erroneous. The officers were patrolling a high crime area and were in the process of arresting the other subjects and seizing contraband. Furthermore, the officers had already observed one of the suspects attempt to conceal a gun on his person. The defendant’s actions interfered with the officers’ attempts to perform their duties when he entered the house in contravention of the officer’s direct order.
In State v. Johnson, 534 So.2d 529 (La.App. 5th Cir.1988), this Court concluded that the defendant was lawfully arrested for resisting an officer. While officers were attempting to execute a search warrant on another individual, the ^defendant yelled obscenities and refused to move when requested by the officers. The Johnson court found that the defendant had obstructed officers executing a search warrant when she yelled obscenities and when she refused to move on when requested to do so by the officers. Id. at 531.
In State v. Daniels, 25,833 (La.App. 2nd Cir. 3/30/94), 634 So.2d 962, the Second Circuit held that defendant was legally arrested for resisting an officer when he resisted the *591 officer’s efforts to conduct a lawful patdown of his person for weapons. In Daniels, the defendant was suspected of selling cocaine. Officers stopped his vehicle, and the defendant consented to a search of his vehicle’s trunk. One of the officers requested that the defendant remove his hand from his front pants pocket, but the defendant refused and started walking away. Aware that the defendant had possessed a gun a few days before, and could be concealing a weapon in his pants, the officer attempted to extract the defendant’s hand from his pocket. The defendant however, jerked his arm away and continued walking, despite orders to stay in place. After subduing the defendant, the officers retrieved a pill bottle containing crack cocaine from his pocket. Id. at 963.
The Daniels court found that the defendant’s pulling away from the officer interfered with a lawful Terry frisk.[3] Citing State v. Johnson, supra, the court concluded that the defendant’s arrest for resisting an officer was lawful because “[ojpposition or resistance to a law enforcement official’s efforts to conduct a lawful search and seizure is unjustified, and gives grounds to arrest for resisting an officer.” State v. Daniels, at 965.
The present case before this Court can be distinguished from the case of State v. Green, 97-702 (La.App. 5th Cir. 12/30/97), 706 So.2d 536, in which this Court held that the defendant’s arrest for resisting an officer was unlawful. In Green, the defendant was a passenger in a vehicle that a police officer was pursuing because of a traffic violation. When the vehicle stopped, the driver fled on foot, but the defendant remained in the car. Several times, the officer ordered the defendant to exit the car, but he refused. Because the defendant did not comply with the order to get out of the car, the officer opened the car door, pulled the defendant from the car, and placed him under arrest for resisting an officer. Id., at 537. This Court held that the defendant’s arrest was unlawful because the officer was not “attempting to seize property, serve process or make an arrest at the time that defendant refused to step out of the car.” Id. at 539.
In the present case, the officers were attempting to seize property and make arrests, therefore this case can be distinguished from Green, supra. Similar to the cases of Johnson and Daniels, supra, the defendant’s refusal to obey the order to stop constituted interference or obstruction within the meaning of LSA-R.S. 14:108. Therefore, the defendant was lawfully arrested and the trial judge properly denied the Motion to Suppress the evidence.
The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Oliveaux, 312 So.2d 337 (La.1975); State v. Weiland, 556 So.2d 175 (La.App. 5th Cir.1990); and State v. Godejohn, 425 So.2d 750 (La.1983). One error was found, which is correctable by the trial court.
A review of the record reflects that the defendant was not advised of the three-year time limit for filing an application for post-conviction relief as required by LSA-C.Cr.P. art. 930.8. LSA-C.Cr.P. art. 930.8 provides that a defendant has three years after his judgment of conviction and sentence becomes bfinal within which to apply for post-conviction relief. Subpart C of the article requires that the trial court inform the defendant of the three year prescriptive period at the time of sentencing. The trial court in this case did not so inform the defendant. This Court shall remedy the error by ordering the trial court to send written notice of the prescriptive period to the defendant within ten days of the rendering of this Court’s opinion, then filing written proof in the record that defendant received such notice. See State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289.
In summary, it is the opinion of this Court that the trial court properly denied the defendant’s Motion to Suppress the evidence. We hereby affirm defendant’s conviction and the sentence imposed by the trial court. This ease is remanded to the trial court for further action consistent with this opinion.
AFFIRMED AND REMANDED WITH INSTRUCTIONS.

. While the defendant was charged in the bill of information as "Ramos J. Washington,” other documents in the record, including the waiver of rights signed by defendant, and the police report, refer to him as "Romas J. Washington.” However, because the appeal was filed as "State of Louisiana v. Ramos J. Washington,” this opinion will refer to the defendant as such.

. The defendant was also charged in case number 96-5971 with the misdemeanor of resisting an officer. The record reflects that this charge was dismissed when the defendant pled guilty to possession of cocaine.

. Terry v. Ohio, 392 U.S. 1, 88 S.Ct. 1868, 20 L.Ed.2d 889 (1968).