706 So.2d 650 (1998)
STATE of Louisiana
v.
Joseph SIAS.
No. 97-KA-283.
Court of Appeal of Louisiana, Fifth Circuit.
January 27, 1998.
*651 Paul D. Connick, Jr., District Attorney, Thomas J. Butler, Assistant District Attorney, Gretna, for plaintiff/appellee.
Dwight Doskey, New Orleans, for defendant/appellant.
Before GAUDIN, CANNELLA and DALEY, JJ.
GAUDIN, Judge.
Joseph H. Sias was convicted by a Jefferson Parish jury of possession of over 400 grams of cocaine, LSA-R.S. 40:967(F), and sentenced to 40 years at hard labor without benefit of parole or probation prior to serving the minimum statutory term of 30 years. He was also ordered to pay a fine.
On appeal, Sias assigned these errors:
(1) the trial court erred in admitting the cocaine into evidence when there was testimony that it might have been tampered with,
(2) insufficient evidence existed to justify a verdict of guilty as charged,
(3) the trial court erred in denying a mistrial when the prosecutor argued to the jury that the defendant's failure to contest a forfeiture of moneys was tantamount to an admission of guilt,
(4) the trial court erred in denying a mistrial when the prosecutor argued to the jury that convicting the defendant would protect the public from the narcotics problem, and
(5) the trial court erred in imposing an excessive sentence.
Finding neither reversible error in any of these contentions nor any errors patent, we affirm Sias' conviction and sentence.
*652 Sias, according to testimony used to convict him, lived with Edelyne Amerson in California. He asked Amerson to transport cocaine in her luggage aboard a May 17, 1995 flight from Los Angeles to New Orleans. Sias accompanied Amerson to the Los Angeles airport and purchased a plane ticket for her under the name of "Cindy Feliciano."
The cocaine, placed in a flowered bag, was discovered in New Orleans by a K-9 dog as it (the bag) was coming around the turnstile. Amerson told police officers that the cocaine belonged to Sias, who was to meet her later at the Travel Lodge Motel in Metairie. When Sias arrived at the motel, he was carrying a large gym bag containing $73,961.00 in cash. After Sias removed the flowered bag from Amerson's luggage and put it in his gym bag, he was arrested.

ASSIGNMENT NO. 1
Sias believes that the cocaine should not have been introduced into evidence because there was testimony at trial that someone had been stealing drugs from the Jefferson Parish crime laboratory. He argues that because this activity happened at the time that these drugs were in the lab, that "... neither the character or weight of the drugs could be proved to not be the result of tampering."
When the seized cocaine was handed over at the crime laboratory, it was received by a person who was later arrested for stealing evidence. In a statement to police after his arrest, however, this person said that the only cocaine he took was evidence from another case. There was no evidence that the Sias evidence had been tampered with; in fact, there was no testimony that any evidence had been tampered with although some evidence in another case had been stolen.
A continuous chain of custody is not essential to enable the state to introduce physical evidence as long as the evidence as a whole establishes that it is more probable than not that the object introduced was the same as the object originally seized. See State v. Cargo, 593 So.2d 811 (La.App. 4 Cir.1992). Once a proper foundation has been laid with regard to a piece of evidence, a lack of positive identification or a defect in the chain of custody goes to the weight of the evidence rather than to admissibility. See State v. Sam, 412 So.2d 1082 (La.1982), appeal after remand, 478 So.2d 769 (La.App. 3 Cir.1985), writ denied, 483 So.2d 1019 (La. 1986); State v. Kelson, 94-263 (La.App. 5 Cir. 11/16/94), 646 So.2d 1049, writ denied, 688 So.2d 520. Ultimately, a chain of custody or connexity of the physical evidence is a factual matter for determination by the jury. See State v. Joseph, 96-187 (La.App. 5 Cir. 11/14/96), 685 So.2d 237, writ denied in part, writ granted in part on other grounds, 693 So.2d 782.
In the present case, police officers traced the cocaine from the time of seizure to the time it was placed into evidence. Further, Amerson testified that the packages introduced into evidence were the same packages of cocaine she had carried in her luggage. It appears clear from the circumstances and testimony that the Sias evidence was properly placed in evidence and could therefore been given due consideration by the jury.

ASSIGNMENT NO. 2
In this assignment of error, Sias argues mainly that the state did not prove that the three packages in fact contained over 400 grams of cocaine.
Daniel Waguespack, a forensic chemist for the Jefferson Parish Sheriff's Office, testified that he tested the three packages belonging to Sias. Waguespack made an incision in each package and inserted a spatula approximately one inch inside the package, and analyzed the contents he removed. He testified that the packages contained compacted white powder which, upon testing, proved to be cocaine-hydrochloride. He said that the first package, Exhibit A, was 82% pure cocaine and weighed 1086 grams; the second package, Exhibit B, was 73% pure cocaine and weighted 1073 grams; and the third package, Exhibit C, was 71% pure and weighed 1059 grams. A computation of the weight of each package divided by the percentage of purity revealed a weight of far more than the 400 grams Sias was charged with possessing.
The testimony of the forensic chemist and that of Amerson combined to convict Sias. *653 This was sufficient evidence to satisfy the test set forth in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979), and State v. Abercrombie, 375 So.2d 1170 (La.1979), cert. denied at 446 U.S. 935, 100 S.Ct. 2151, 64 L.Ed.2d 787 (1980). See also State v. Mussall, 523 So.2d 1305 (La. 1988). Viewing the evidence in the light most favorable to the prosecution, the jury could have found the essential elements of the crime proven beyond a reasonable doubt.

ASSIGNMENTS 3 AND 4
Sias contends in these two assignments of error that remarks made by the state's attorney during closing arguments were so prejudicial that a reversal is required.
The prosecutor said:
"I tell you one thing, ladies and gentlemen, if I had a lucky day playing cards and I won seventy-three thousand and these guys took it from me, I sure the hell would be fighting the forfeiture proceedings; I'd want my seventy-three thousand dollars back. It's because he's one of these big time California dope dealers. That's just what he is. He doesn't want to go to a forfeiture proceeding. He don't want anything to do with it, just get out of here, maybe I can sell a jury like you people that I was at the casino."
The prosecuting attorney later stated:
"You know what it gets down to, ladies and gentleman, it get down to one thingthat's one of the problems in this countrythat people don't want to take responsibility for their actions. That's what's the problem is. Mr. Sias is caught and he's caught redhanded. It's killing our country. You thing he cares? You think Mr. Sias cares about all the people who get addicted to this garbage?"
The prosecutor also said:
"What it gets down to, ladies and gentlemen, kids get hooked on this stuff, you've got families in therapy, you've got people that are addicts, you've got people being killed in the streets for this garbage."
After each of the above quoted remarks, Sias' trial counsel objected. Each objection was overrulled. Sias' attorney did not at any time ask for a mistrial, which would then have given the trial judge the timely opportunity to either grant a mistrial or admonish the jury in accord with LSAC.Cr.P. articles 770 and 771. A failure to ask for relief under these articles precludes a defendant from raising the issue of mistrial on appeal. See State v. Francis, 665 So.2d 596 (La.App. 5 Cir.1995).
Nonetheless, a conviction is not reversed due to improper remarks during closing arguments unless the reviewing court is thoroughly convinced that the remarks influenced the jury and contributed to the verdict. In State v. Martin, 645 So.2d 190, 200 (La. 1994), cert. denied at 515 U.S. 1105, 115 S.Ct. 2252, 132 L.Ed.2d 260 (1995), the Louisiana Supreme Court noted:
"... much credit should be accorded to the good sense and fair mindedness of jurors who have seen the evidence and heard the arguments, and have been instructed repeatedly by the trial judge that arguments of counsel are not evidence."
Here, considering the totality of testimony and evidence, it is unlikely that the challenged comments were so inflammatory as to direct jurors away from a decision based on testimony they heard and on submitted evidence. See State v. Washington, 563 So.2d 530 (La.App. 5 Cir.1990).

ASSIGNMENT NO. 5
Lastly, Sias contends that his sentence is excessive. He could have been sentenced to 60 years at hard labor. He was 51 years of age when sentenced and he was a first time offender.
From the record, it is apparent that the sentencing judge took into account Sias' mitigating factors as well as the fact that Sias was engaged in the transportation of a relatively large amount of cocaine and showed little remorse.
The sentence imposed was 20 years short of the statutory maximum. We cannot say it was excessive.
AFFIRMED.