_JipALEY, Judge.
Defendant James Davis appeals his conviction of distribution of cocaine, a violation of LSA-R.S. 40:967 A. A jury of twelve found defendant guilty as charged. We affirm.
On appeal, Davis argues five assignments of error:
1. The trial court erred in denying defendant’s Motion to Suppress the photocopy of $20 bills after the hearing of defendant’s Motion to Suppress the Evidence.
2. The trial court erred in referring to the defendant as “offender” during his instructions to the jury.
3. The trial court erred in allowing the prosecutor, in his closing argument, to misstate the jury’s function and imply a connection between the police, the District Attorney, and the jury.
4. The trial court erred in failing to protect the defendant’s right to effective assistance of counsel.
5. Any and all errors patent on the face of the record.

kFACTS

The following facts were developed from trial testimony.
Wilton DeClouet, a narcotics agent with the Jefferson Parish Sheriffs Office, testified regarding an undercover operation he was involved with on September 24, 1991, in the south Causeway area of Jefferson Parish. Agent DeClouet told the jury that on the morning of September 24,1991, he was given “pre-recorded” money, money that was photo-copied in order to record serial numbers, in order to attempt to make a drug transaction. Agent DeClouet told the jury that on that date he was riding in an undercover vehicle and saw a man, Louis Roberson, whom he recognized from a previous encounter. Agent DeClouet asked Mr. Roberson if *503 he “had anything.” Mr. Roberson said he did not, but went to the area where the defendant was standing. Agent DeClouet testified that he saw Mr. Roberson get “something” from the defendant, which Mr. Roberson then came and gave to Agent De-Clouet. The “something” turned out to be 7 rocks of crack cocaine. Agent DeClouet then gave Mr. Roberson the $100 in marked bills, which he saw Mr. Roberson hand over to the defendant. At that time, according to a prearranged signal, Agent Steve Nelson and Lieutenant John Thevenot came and arrested Mr. Roberson and the defendant, James Davis.
Lieutenant John Thevenot of the Jefferson Parish Sheriffs Office told the jury that at 12:45 p.m. on September 24, 1991, he met with undercover agent DeClouet and Agent Steve Nelson to begin an undercover narcotics operation. He testified that that morning Agent Nelson had photocopied five $20 bills, had signed and initialed the photocopy, and had given the bills to Agent DeClouet. Agent DeClouet was equipped with a transmitter so that Agent Nelson and Lt. Theven-ot would be able to hear any transactions. Lt. Thevenot told the jury that on September 24, 1991, ^according to a pre-arranged signal, he and Agent Nelson went to the area where Agent DeClouet had just received narcotics from Mr. Roberson. Lt. Thevenot testified that he simulated the arrest of Agent De-Clouet from his vehicle and asked him to point out the individuals involved in the transaction. Agent DeClouet pointed out the defendant and Mr. Roberson.
Agent Steve Nelson testified that upon arrival at the scene of the “transaction” he immediately apprehended a subject, the defendant, who was then described by Agent DeClouet as being involved in the transaction. Agent Nelson told the jury that, after the defendant was positively identified by Agent DeClouet, he placed the defendant under arrest and searched him. Upon searching the defendant, Agent Nelson discovered a sum of money, including the bills which matched the serial numbers of the bills he had earlier photocopied. Agent Nelson also told the jury that he took custody of the cocaine handed to Agent DeClouet. Agents Nelson and DeClouet both testified that the defendant was seen and arrested on the street.
Elmore Sheperd, a forensic chemist, testified that he tested the rock like objects in evidence and found them to contain cocaine.
Madeline Jackson and Stanford Brown testified on behalf of the defendant. Ms. Jackson testified that on the afternoon of September 24, 1991 she saw the defendant in the Skylark Lounge playing pool. She told the jury that she saw a man walk up to the defendant and “pay him money,” and soon after saw the defendant get arrested in the lounge. Mr. Brown, a bartender at the Skylark Lounge, likewise told the jury that on the afternoon of September 24, 1991 he saw the defendant searched and handcuffed by police in the lounge against the pool table.
Based on the foregoing testimony and evidence, the jury found the defendant guilty as charged.

ASSIGNMENT OF ERROR NUMBER ONE

The defendant asserts that the Honorable Court below erred in denying appellant’s motion to suppress the photocopy of the $20.00 bills (S — 4 at trial) after the hearing of Appellant’s Motion to Suppress the Evidence on Thursday, September 10,1992.
The defendant argues that the photocopy evidence tying the defendant to the crime in this ease was seized prior to the officer’s having probable cause to arrest the defendant, and accordingly should have been suppressed by the trial court.
The Fourth Amendment of the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. State v. Belton, 441 So.2d 1195 (La.1983), cert. denied, 466 U.S. 953, 104 S.Ct. 2158, 80 L.Ed.2d 543. A search conducted without a warrant issued upon probable cause is per se unreasonable, unless justified by a specific exception to the warrant requirement. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); State v. Moreno, 619 So.2d 62 (La.1993); State v. Lassere, 95-1009, p. 8 (La. App. 5 Cir. 10/1/96), 683 So.2d 812, 817, writ denied, 96-2655 (La.4/18/97), 692 So.2d 445. *504 When the constitutionality of a warrantless search is at issue on a motion to suppress, the state bears the burden of affirmatively showing that the search was justified under one of the exceptions to the warrant requirement. State v. Diaz-Rubio, 615 So.2d 1124, 1127 (La.App. 5 Cir.1993), writ denied, 93-1010 (La.9/30/94), 642 So.2d 866. One such exception is a search incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Green, 97-702 (La.App. 5 Cir. 12/30/97), 706 So.2d 536. An arrest is lawful when it is based on probable cause. State v. Raheem, 464 So.2d 293, 296 (La.1985). Conversely, an arrest without probable cause is illegal and the seizure of evidence pursuant thereto is also illegal. State v. Simmons, 95-309, p. 6 (La.App. 5 Cir. 10/18/95), 663 So.2d 790, 794.
Probable cause to arrest exists when the facts and circumstances within an officer’s knowledge, and of which be has reasonable, trustworthy information, are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. State v. Scales, 93-2003, p. 6 (La.5/22/95), 655 So.2d 1326, 1331, cert. denied, 516 U.S. 1050, 116 S.Ct. 716, 133 L.Ed.2d 670 (1996). An officer may make a warrantless arrest when the officer has probable cause to believe that the person to be arrested has committed an offense. State v. Green, supra; LSAC.Cr.P. art. 213.
The defendant argues that Agent Nelson did not have probable cause to believe that the defendant had committed an offense, as the testimony during the motion hearing suggested that the defendant was arrested , prior to his identification by Agent DeClouet. However, that testimony also revealed that Agent Nelson and Lt. Thevenot had monitored and were aware of the drug transaction that had taken place in the area minutes earlier, and that the officers saw the defendant and co-defendant walking away from the car.
Further, in considering evidence in this case, the court may consider all pertinent evidence adduced at trial; the court is not limited to evidence adduced at suppression hearings. State v. Tart, 93-0772 (La.2/9/96), 672 So.2d 116, cert. denied, — U.S. -, 117 S.Ct. 310, 136 L.Ed.2d 227 (1996); State v. Tate, 98-117 (La.App. 5 Cir. 5/27/98), 714 So.2d 252. In the instant case, the arresting officer, Agent Nelson, testified at trial that the defendant was positively identified by Agent DeClouet. The observations by the officers and the positive identification by Agent DeClouet are sufficient to justify Agent Nelson’s belief that the defendant had ^committed a crime. Accordingly, Agent Nelson had probable cause to arrest the defendant. If the arrest was lawful, then a search incident to the arrest is an exception to the warrant requirement. State v. Green, supra. Accordingly, the trial court did not err in failing to grant the defendant’s motion to suppress the evidence.

ASSIGNMENT OF ERROR NUMBER TWO AND THREE

The defendant argues that the Honorable Court below erred in referring to the defendant as an “offender” during his instructions to the jury, and that the Honorable Court below erred in allowing the prosecutor, in his closing argument, to misstate the jury’s function and imply a connection between the police, the District Attorney and the jury by stating: “The police did their job. They’re trying to get drug dealers off the streets of Jefferson Parish. As a prosecutor I’ve presented the case to you. There’s only one group of people that can convict James Davis and get a drug dealer off the streets of Jefferson Parish, and that is you 12 jurors.”
The defendant argues that comments made by the trial judge and the prosecutor were prejudicial, thus warranting reversal. It is of note, initially, that defense counsel objected to neither the trial court’s or the prosecutor’s remarks nor moved for a mistrial. LSA-C.Cr.P. art. 841(A) provides, in part, that “[a]n irregularity or error cannot be availed of after verdict unless it was ob-, jected to at the time of occurrence.” The purpose behind the contemporaneous objection rule is to put the trial judge on notice of an alleged irregularity so that he may cure the problem and to prevent the defendant from gambling for a favorable verdict and then resorting to appeal on errors that might easily have been corrected by an objection. *505 State v. Soler, 93-1042 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, writ denied, 94-0475 (La.4/4/94), 637 So.2d 450, writ denied, 94-1361 (La.11/4/94), 644 So.2d 1055; State v. Styles, 96-897 (La.App. 5 Cir. 3/25/97); 692 So.2d 1222, writ denied, 703 So.2d 609.
However, the Third Circuit, in State v. Colligan, 95-880 (La.App. 3 Cir. 8/7/96), 679 So.2d 184, held that there were limited exceptions to the application of Article 841 and reviewed both a trial judge’s and a prosecutor’s remarks absent objections at the trial level. The Third Circuit explained:
Although this article sets forth what appears to be a hard and fast rule, the jurisprudence has developed limited exceptions to its application. See State v. Lee, 346 So.2d 682 (La.1977). Additionally, the Supreme Court has noted “that a prosecutor’s prejudicial comments in closing argument may be considered by a federal court to violate federal due process guarantees even in the absence of a defense challenge or objection at trial.” Id. at 685. Using this due process reasoning, the Supreme Court has held that despite lack of timely objection by defense counsel to the prosecutor’s closing argument, if the remarks are extremely inflammatory and prejudicial, then a reversal is required. See State v. Hayes, 364 So.2d 923 (La.1978) [quoting U.S. v. Briggs, 457 F.2d 908 (2d Cir.1972) ]. Thus, despite the lack of a timely objection by defense counsel in this case, we find the issue is properly before us.
Colligan, at 189.
1. Assignment of Error Number Two
In the present case, the trial court, while instructing the jury, referred to the defendant as an “offender”, specifically stating:
If I’ve given you the impression that I have an opinion regarding any fact in this ease, you are to disregard that opinion. If I’ve given you the impression that I have an opinion concerning the guilt or innocence of this offender you are to disregard that opinion, impression.
The defendant argues that this statement was either a comment on the facts in violation of LSA-C.Cr.P. art. 772, or a comment on other offenses committed by the defendant, in violation of LSA-C.Cr.P. art. 770(2).
LSA-C.Cr.P. art. 772 provides that “[t]he judge in the presence of the jury shall not comment upon the facts of the case, either by commenting upon or recapitulating the evidence, repeating the testimony of any witness, or giving an opinion as to what has been proved, not proved, or refuted.” The trial judge’s bcomments on the evidence have been held to be harmless error if those remarks do not imply an opinion as to the defendant’s guilt or innocence. State v. Felde, 422 So.2d 370 (La.1982), cert. denied, 461 U.S. 918, 103 S.Ct. 1903, 77 L.Ed.2d 290 (1983); State v. Gabriel, 542 So.2d 528 (La. App. 5 Cir.1989), writ denied, 558 So.2d 566 (La.1990); State v. Styles, supra. In order to constitute reversible error, the effect of the improper comments must be such as to have influenced the jury and contributed to the verdict. State v. Johnson, 438 So.2d 1091 (La.1983); State v. Hubbard, 97-916 (La.App. 5 Cir. 1/27/98), 708 So.2d 1099, 1105.
As the state points out, the written jury instruction's, from which presumably the trial judge was reading, contain the word “defendant” instead of the word “offender.” The trial judge’s use of the word “offender” did not serve to comment on or recapitulate the evidence, or repeat the testimony of any witness. The defendant appears to be arguing the use of the word “offender” gave an opinion regarding the defendant’s guilt. In order to find the trial judge’s comment to be reversible error, this court must be “thoroughly convinced” the jury was affected by the remark. State v. Messer, 408 So.2d 1354, 1357 (La.1982).
The use of the word “offender” was within a jury instruction informing the jury they were to disregard any impressions the trial judge, may have given regarding the defendant’s innocence or guilt. When the statement is evaluated in context with the jury instruction in which it is contained, it is difficult to see how the use of the word would be sufficient to influence the jury or contribute to the verdict. We also note that during the lengthy jury instruction, the trial judge referred to Davis as “defendant” except for *506 this one instance. See, State v. Weidert, 568 So.2d 1162, 1165 (La.App. 5 Cir.1990), writ denied, 573 So.2d 1118.
The defendant argues alternatively that the statement made by the trial judge bwas an impermissible reference to another crime committed or alleged to be committed by the defendant, warranting a mistrial under LSA-C.Cr.P. art. 770(2).
In the instant ease defense counsel did not request a mistrial or admonition in this matter, therefore triggering the protections granted by Article 770 or 771. This court has held that a failure to ask for relief under Articles 770 and 771 precludes a defendant from raising the issue of mistrial on appeal. State v. Sias, 97-283 (La.App. 5 Cir. 1/27/98), 706 So.2d 650. This assignment of error has no merit.
2. Assignment of Error Number Three
In rebuttal, during closing argument in this case, the Assistant District Attorney made the following statement:
The police did their job. They’re trying to get drug dealers off the streets of Jefferson. As a prosecutor, I’ve presented the case to you. There’s only one group of people that can convict James Davis and get a drug dealer off the streets of Jefferson Parish, and that is you 12 jurors. If you believe the testimony of the policemen, you have no choice but to come back with a verdict of .guilty of distribution of cocaine.
The defendant argues that this statement was an improper plea to prejudice and is therefore reversible error.
The scope of argument is governed by LSA-C.Cr.P. art. 774, which states:
The argument shall be confined to evidence admitted, to the lack of evidence, to conclusions of fact that the state or defendant may draw therefrom, and to the law applicable to the case.
The argument shall not appeal to prejudice.
The state’s rebuttal shall be confined to answering the argument of the defendant.
The jurisprudence has commonly held that although prosecutors are allowed broad latitude in choosing closing argument tactics, prosecutors may not resort to personal experience or turn argument into a plebiscite on crime. State v. Langley, 95-1489 (La.4/14/98), 711 So.2d 651 (La.1998); State v. Williams, 96-1023 (La.1/21/98), 708 So.2d 703. Nonetheless, a conviction will not be reversed due to improper remarks during closing arguments unless the reviewing court is thoroughly convinced that the remarks influenced the jury and contributed to the verdict. State v. Taylor, 93-2201, p. 21 (La.2/28/96), 669 So.2d 364, 375, cert denied, 519 U.S. 860, 117 S.Ct. 162, 136 L.Ed.2d 106 (1996).
In State v. Martin, 93-0285 (La.10/17/94), 645 So.2d 190, cert. denied, 515 U.S. 1105, 115 S.Ct. 2252, 132 L.Ed.2d 260 (1995), the Louisiana Supreme Court noted:
“... much credit should be accorded to the good sense and fair mindedness of jurors who have seen the evidence and heard the arguments, and have been instructed repeatedly by the trial judge that arguments of counsel are not evidence.”
Although under Article 774 closing argument must be “confined to the record evidence and the inferences which can reasonably be drawn therefrom,” both sides may still draw their own conclusions from the evidence and convey such view to the jury. The court also asks whether the remarks injected “passion, prejudice or any arbitrary factor” into the jury’s recommendation. State v. Moore, 432 So.2d 209, 221 (La.1983), cert. denied, 464 U.S. 986, 104 S.Ct. 435, 78 L.Ed.2d 367 (1983).
The Third Circuit in State v. Colligan, supra, held that a prosecutor’s comments to a jury that they “represent the people of Evangeline Parish and ... it’s up to you to return a verdict of guilty_” were improper. The court held, however, that although improper, the comments alone were not sufficient to reverse the defendant’s conviction, stating:
“[a]s a genei-al rule, courts are hesitant to reverse convictions on the basis of prosecu-torial argument because jurors are generally repeatedly admonished that they must decide the case on the evidence and that *507 the arguments of counsel are not evidence. State v. Duplessis, 457 So.2d 604 (La.1984). Additionally, great faith is placed in the idea that .jurors biwill use their common sense, fair-mindedness, and ability to distinguish meaningful evidence from unwarranted comments. However, this does not mean that there will not be instances where prosecutorial comments will rise to such a level as to have influenced the jurors and contributed to the verdict. As pointed out by the supreme court, each case must be determined on an individual basis to determine if the prosecutorial argument was so prejudicial as to require reversal of the defendant’s conviction.” Colligan at 191.
We find that, considering the totality of testimony and evidence, the challenged comments were not so inflammatory as to direct jurors away from a decision based on testimony they heard and on submitted evidence.

ASSIGNMENT OF ERROR NUMBER FOUR

The Honorable Court below erred in failing to protect appellant’s right to effective assistance of counsel.
The Louisiana Supreme Court has held that a claim of ineffective assistance of counsel is most appropriately addressed through an application for post-conviction relief rather than direct appeal, so as to afford the parties an adequate record for review. State v. Truitt, 500 So.2d 355 (La.1987); State v. Brown, 384 So.2d 983 (La.1980). It is well settled, however, that where the record contains sufficient evidence to decide the issue, and the issue is properly raised by assignment of error on appeal, it may be addressed in the interest of judicial economy. State v. Peart, 621 So.2d 780 (La.1993); State v. Junior, 542 So.2d 23 (La.App. 5 Cir.1989), unit denied, 546 So.2d 1212 (La.1989). Insofar as the record in this case allows, defendant’s arguments are discussed below.
A defendant is entitled to effective assistance of counsel under the Sixth Amendment to the United States Constitution and Article I, § 13 of the Louisiana Constitution of 1974. In assessing a claim of ineffectiveness, a two-pronged test is employed. The defendant must show that (1) his attorney’s performance was ^deficient, and (2) the deficiency prejudiced him. Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); State v. Soler, 93-1042 (La.App. 5 Cir. 4/26/94), 636 So.2d 1069, writs denied, 94-0475 (La.4/4/94), 637 So.2d 450, 94-1361 (La.11/4/94), 644 So.2d 1055. To show “prejudice” as required in order to establish ineffective assistance of counsel, the defendant must demonstrate that, but for counsel’s unprofessional conduct, the outcome of the trial would have been different. Strickland v. Washington, 466 U.S. at 687, 104 S.Ct. at 2064; State v. Soler, supra Effective assistance of counsel does not mean errorless counsel, or counsel who may be judged ineffective on mere hindsight. State ex rel. Graffagnino v. King, 436 So.2d 559, 564 (La.1983). Because there is no precise definition of reasonably effective assistance of counsel, any inquiry into the effectiveness of counsel must be specific to the facts of the case. State v. Peart, supra. It is not enough for an accused to make allegations of ineffectiveness; the accused must couple these allegations with a specific showing of prejudice. State v. Brogan, 453 So.2d 325 (La.App. 3 Cir.1984), writ denied, 457 So.2d 1200 (La.1984). State v. Morris, 98-236 (La.App. 5 Cir. 9/16/98), 719 So.2d 1076.
1. Admission of the Lab report
The defendant argues that trial counsel was ineffective for allowing reference to and admission of a lab report written by Roslyn Holmes, who was not available to testify. A review of the record reveals that the lab report was identified by State witness El-more Sheperd. The prosecutor offered the lab report (State Exhibit 2) along with State Exhibits 1 and 3, into evidence; however, defense counsel objected, requesting the right to cross examine the witness before admission of the exhibits. Subsequent to defense counsel’s cross examination, the State withdrew the offer of Instate Exhibit 2, and the lab report was never offered into evidence. Accordingly, trial counsel’s objection resulted in the State withdrawing its offer of the lab report, and his performance was not deficient.
*508 Defendant farther argues that trial counsel was ineffective for failing to object to reference to the earlier lab report during trial. However, Elmore Sheperd testified that his test of the drugs was done independently of the one done by Ms. Holmes, and he had no knowledge of her results in the lab report. It is difficult to see how such reference was prejudicial to the defendant. This assignment of error has no merit.
2. Discussion of Police Report in Closing.
The defendant argues that trial counsel was ineffective for failing to object to discussion by the prosecutor, during closing, of a police report not in evidence. During his closing argument, the prosecutor stated the following:
This case, like he says, is almost four years old. And we’re relying on the recollection of Agent DeClouet. Well, I tell you what, Agent DeClouet wrote a two-page typed-written police report that same day outlining in detail exactly what happened. I guarantee you those two defense witnesses never wrote a thing down ... So if you want to see whose (sic) got the best recollection ability, remember all these police officers are professionals. They write it down because they know they have to come to court and testify.
The prosecutor did not refer to the contents of any report, only that one was written. It is difficult to see how reference to this report, in light of Agent DeClouet’s testimony to the facts of the event, was prejudicial to the defendant. Accordingly, defendant fails to show prejudice, and his argument fails to satisfy the second prong of the Strickland test.
3. Failure to Object to Trial Judge referring to the defendant as an “offender”.
4. Failure to Object to Prosecutor’s remarks during closing argument.
hWe have already found that the statements were not reversible error; therefore, trial counsel was not ineffective for his failure to object to them.

ASSIGNMENT OF ERROR NUMBER FIVE

The record was reviewed for errors patent, according to LSA-C.Cr.P. art. 920; State v. Weiland, 556 So.2d 175 (La.App. 5 Cir.1990); and State v. Godejohn, 425 So.2d 750 (La.1983).
A review of the record reveals that the trial court erred by failing to vacate the defendant’s original 30 year sentence before imposing a 30 year sentence upon the defendant as a second felony offender. The court is required to vacate the defendant’s previous sentence prior to imposing an enhanced sentence on the defendant as a multiple offender. State v. White, 354 So.2d 1360 (La.1978). Where the original sentence on the underlying offense has not been vacated at the time of defendant’s sentencing as an habitual offender, the original sentence remains in effect and the subsequent sentence as a multiple offender is null and void. State v. Carter, 96-358, pp. 13-14 (La.App. 5 Cir. 11/26/96), 685 So.2d 346, 353-354.
Normally, we would remand for resentenc-ing according to the above authority, but as the enhanced sentence is identical to the original sentence still in effect, we find the matter moot.
Accordingly, defendant’s conviction is affirmed.
AFFIRMED.