1 .CANNELLA, Judge.
Defendant, Lenny Landry, appeals from his Crosby[1] plea to possession of clonazep-am (Valium) and his sentence to 1 year imprisonment at hard labor, suspended, with 1 year active probation with conditions. For the reasons which follow, we affirm the conviction and sentence and remand.
Since defendant’s conviction was by a guilty plea, the only factual background in the record is contained in the police report. According to said report, a Jefferson Parish deputy saw defendant and a juvenile female companion in Dillard’s Department Store (Dillard’s) on Veterans Boulevard in Metairie on the evening of August 19, 1998. The two were acting suspiciously. The officer approached the pair and defendant reacted by dropping a plastic bag and entering the men’s fitting room. Shortly thereafter, the officer saw defendant hastily exit [3the , store without the bag.
When the officer looked inside the discarded bag, he found various items of clothing that he determined to be merchandise belonging to Dillard’s. The officer later saw defendant a*nd his juvenile companion re-enter the store. He questioned the two about the contents of the plastic bag. They stated that the bag belonged to them, but not its contents. The officer advised defendant of his rights and placed him under arrest for theft of goods, possession of stolen property and contributing to the delinquency of a minor. Because the deputy had earlier seen the juvenile acting as a lookout for defendant, she was also arrested.
Defendant was transported to the East-bank lockup. As he was being booked, a deputy discovered clonazepam pills in defendant’s front' pants pocket and defendant was thereafter charged with possession of clonazepam.
Ori September 4, 1998, the Jefferson Parish District Attorney filed a bill of information charging defendant with possession of clonazepam, a violation of La. R.S. 40:969 C. Defendant was arraigned on September 18, 1998 and entered a plea of not guilty.
On September 30, 1998, defendant filed a Motion to Suppress Confession, Identification and Physical Evidence. The motion *988 to suppress was heard on February 8,1999 with the parties submitting the matter on the police report (State’s Exhibit 1). The trial court denied the motion. On the same day, defendant withdrew his plea of not guilty and pled guilty pursuant to a plea bargain. Defendant reserved the right, under State v. Crosby, 338 So.2d 584 (La.1976), to appeal the denial of his motion to suppress. In accordance with the plea agreement, defendant was sentenced that day to serve one year at hard labor. The sentence was suspended and defendant was placed on one year active | ¿probation with certain conditions.
On February 9, 1999, defendant filed a timely motion for appeal. The trial court granted the motion on February 25, 1999.

ASSIGNMENT OF ERROR NUMBER ONE

By this assignment, defendant complains that the clonazepam was seized pursuant to an invalid arrest and, therefore, should have been suppressed.
The Fourth Amendment to the United States Constitution and Article I, § 5 of the Louisiana Constitution prohibit unreasonable searches and seizures. A search conducted without a warrant issued upon probable cause is per se unreasonable, unless justified by a specific exception to the warrant requirement. Katz v. United States, 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); State v. Moreno, 619 So.2d 62 (La.1993); State v. Davis, 98-365 (La.App. 5th Cir. 1/26/99), 726 So.2d 500. When the constitutionality of a war-rantless search is at issue on a motion to suppress, the State bears the burden of affirmatively showing that the search was justified under one of the exceptions to the warrant requirement. State v. Tatum, 466 So.2d 29 (La.1985); State v. Russell, 98-682 (La.App. 5th Cir. 1/14/99), 726 So.2d 444. One recognized exception is where a search is incident to a lawful arrest. Chimel v. California, 395 U.S. 752, 89 S.Ct. 2034, 23 L.Ed.2d 685 (1969); State v. Davis, supra. An arrest is lawful when it is based on probable cause. State v. Fisher, 97-1133 (La.9/9/98), 720 So.2d 1179.
Probable cause exists when the facts and circumstances within an officer’s knowledge, and of which he has reasonable, trustworthy information, are sufficient to justify a man of ordinary caution in believing that the person to be arrested has committed a crime. State v. Fisher, supra; State v. London, 98-368 (La.App. 5th Cir. 10/28/98), 720 So.2d 1235.
Based on the information in the police report, we find that the circumstances within the officer’s knowledge were sufficient to support the conclusion that he had probable cause for a shoplifting arrest. The deputy first observed that defendant was acting “suspiciously.” The officer also saw the juvenile female, who appeared to him to be acting as a “lookout” for defendant. As the deputy approached defendant hastily dropped the bag he was carrying and went into a dressing room. Then defendant quickly exited the store, leaving the bag behind.
The officer’s initial suspicions were heightened by defendant’s flight and the officer’s discovery of Dillard’s merchandise inside the plastic bag. There is no indication in the police report that the officer saw defendant or his companion place the merchandise in the bag. However, when defendant returned to the store, he admitted to the officer that the bag belonged to him and that the merchandise did not.
Defendant contends that the search was invalid since it was effected pursuant to a stop made for a “ ‘crime’ that did not occur.” He further argues that there were innocent explanations for his activities in the store.
In the hearing on the motion to suppress, the State was not required to prove defendant guilty of theft beyond a reasonable doubt. The State was only obliged to prove that the officer had probable cause *989 to believe that the defendant had committed a crime.[2]
1 fiOnce defendant was arrested on the shoplifting charge, officers were entitled to search him as part of the booking process. Therefore, we find that the search was valid as being incident to a lawful arrest. State v. Davis, supra.
This assignment of error has no merit.

ERRORS PATENT DISCUSSION

The record was reviewed for patent errors.
La.C.Cr.P. art. 930.8 instructs the trial judge to inform defendant at the time of sentencing of the prescriptive period for post conviction relief. Here, the sentencing transcript reflects that the trial judge failed to accurately advise defendant of the time limitations that govern filing applications of post-conviction relief, as required by La.C.Cr.P. art. 930.8(C). The trial judge informed defendant that he had a “three year prescription period.” The defendant should have been specifically advised that he has 3 years after his judgment of conviction and sentence becomes final within which to apply for post-conviction relief. Therefore, we instruct the trial court to send appropriate written notice to the defendant of the correct statement of the law regarding the prescriptive period for post conviction relief and to file written proof in the record that defendant received the notice. See. State v. Kershaw, 94-141 (La.App. 5th Cir. 9/14/94), 643 So.2d 1289.
Accordingly, for the reasons set out above, we affirm defendant’s conviction for possession of clonazepam and his sentence to 1 year imprisonment at hard labor, suspended, with one year active probation and certain conditions. The case is remanded to the district court to provide proof in the record of | defendant’s receipt of appropriate notice under La.C.Cr.P. art. 930.8 of the prescriptive period for post conviction relief.
CONVICTION AND SENTENCE AFFIRMED; CASE REMANDED.

. State v. Crosby, 338 So.2d 584 (La.1976).

. La. R.S. 14:67.10, the theft of goods statute, provides in pertinent part:
A. Theft of goods is the misappropriation or taking of anything of value which is held for sale by a merchant, either without the consent of the merchant to the misappropriation or taking, or by means of fraudulent conduct, practices, or representations.
An intent to deprive the merchant permanently of whatever may be the subject of the misappropriation or taking is essential and may be inferred when a person:
its sH H: # * & # * # * *
(3) Transfers goods from one container or package to another or places goods in any container, package, or wrapping in a manner to avoid detection.